UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAUL SALEH,

                      Plaintiff,                           11 Civ. 438 (PKC)

      -against-

                                           MEMORANDUM
                                         <u>AND ORDER</u>

ALBERT FRANCESCO,
CHRISTOPERH BUFFALINO and
ANDREW M. GAINES II,
                        Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Plaintiff Paul Saleh claims that defendants Albert Francesco, Christopher Buffalino and Andrew M. Gaines, II, breached their personal guarantee of a loan made by Saleh to Qderopateo LLC, Qdero Limited (BVI), and Qdero Limited Hong Kong (collectively the "Qdero Entities"). Now plaintiff moves for entry of default judgment against the guarantors pursuant to Rule 55(b)(2), Fed. R. Civ. P. For the reasons discussed below, the Court grants plaintiff's motion and enters default judgment against all defendants.

BACKGROUND

          Plaintiff alleges that on July 7, 2010, he loaned $596,000 at 20% interest per annum to the Qdero Entitites. (Am. Compl. ¶¶ 12-13 and Ex. A.) The loan agreement recites that the term of the loan ended on September 10, 2010, on which date all unpaid principal and interest were due. (Am. Compl. Ex. A. ¶¶ 3,4.) The agreement also recites that "[c]ertain company executives" had offered personal guarantees on the loan. (Am. Compl. Ex. A ¶ 6.) Plaintiff further alleges that, also on July 7, 2010, defendants Francesco, Buffalino, and Gaines signed a personal guarantee of the loan. (Am. Compl. ¶ 17 and Ex. B.) The guarantee recites

that defendants jointly and severally guarantee the loan and agree "to pay all costs, interest, and reasonable attorney's fees incurred by [Saleh] in collecting any amounts [] guaranteed, whether from Company or Gurantor[s]."  (Am. Compl. Ex. B.)  Lastly, plaintiff alleges that he received only one payment, of $100,000, on September 23, 2010, and that, despite demand, defendants have not met their obligations under the personal guarantee.  (Am. Compl. ¶¶ 20, 25.)

The defendants were personally served with the Amended Complaint as follows: Gaines on February 14, 2011 (Docket # 10); Buffalino on February 17, 2011 (Docket # 14); Francesco on May 19, 2011 (Docket # 15).  None of the defendants answered the Amended Complaint, filed a responsive motion or sought an adjournment of their time to do either.  On June 15, the Clerk of Court noted the defaults of the defendants.  (See Statement of Damages (docket # 20), Ex. 3, Clerk's Certificates.)  On July 6, plaintiff moved for entry of default judgment against the defendants.  (Docket # 18, Appl. for Default J.; Docket # 19, Affirmation for J. by Default; Docket # 20, Statement of Damages.)  On July 21, plaintiff served the motion papers on defendants by mail.  (Docket ## 22, 24.)

Defendant Francesco wrote to the Court on July 29, asserting that there had been "considerable confusion on each side" regarding the case.  (Docket # 23.)  The first area of confusion was "Mr. Saleh's attorneys filing an amended complaint before the first complaint was actually filed [served] on any of us."  (Id.)  Francesco said that some confusion was due to the defendants' proceeding pro se, but adverted again to the confusing "quickness of filing an Amended complaint and [the defendants] having to be served again."  (Id.)  Francesco acknowledged the motion for default judgment but asked that the defendants "be allowed to answer, individually, the Amended complaint by Wednesday, August 10th."  (Id.)

On August 16, the defendants jointly filed an Affirmation in Opposition to the motion for default judgment and attached to it their proposed answer to the Amended Complaint. (Docket # 26.)  Therein, the defendants affirm that they "possess knowledge of crucial facts which affect the instant motion and opposition," though no further facts are supplied. (Affirmation in Opp'n ¶ 2.)  They further affirm that plaintiff "did not have a proper service address for Albert Francesco and [that] the respondents have not received any case related correspondence by mail or otherwise."  (Affirmation in Opp'n ¶ 3.)  They do not, however, deny having been personally served.  Additionally, in the attached proposed answer, the defendants assert twelve affirmative defenses but do not assert lack of personal jurisdiction or improper service of process. (Affirmation in Opp'n, Attach., Answer, Affirmative Defenses ("Defenses"), ¶¶ 1, 12); see Rule 12(b)(2), (5), Fed. R. Civ. P.

On September 29, plaintiff's counsel Charles Schmidt filed a Reply Affirmation. (Docket # 28.)  Therein, Schmidt affirms, with supporting exhibits, that he had had extensive email correspondence in February and March with defendant Francesco and an attorney, Bruno Codispoti, who briefly represented Francesco and said he would be representing all three defendants (though he ultimately represented none). (See Reply Affirmation ¶¶ 11-22 and Ex's A-H.)  Schmidt further affirms that the correspondence included Schmidt's forwarding copies of the Amended Complaint, the order for a pretrial conference, and information on this Court's Pro Se Office.  (Id. ¶¶ 12, 16 and Exs. B, C, E.)  And, Schmidt affirms, the correspondence also included Francesco's forwarding to Schmidt, on March 22, a copy of "the response [defendants] intend to file with the Court," which "response" is substantially the same as the one defendants attached to their Affirmation in Opposition of August 16.  (Id. ¶ 14 and Ex. D.)  Finally, Schmidt affirms that he emailed Francesco and the other defendants twice in late March to alert them to

the need to answer the Amended Complaint and that he received no response until the July 29

letter. (Id. ¶¶ 20-22 and Exs. G-H.)

ENTRY OF DEFAULT JUDGMENT

a.   Applicable Law

Rule 55, Fed R. Civ. P., provides a "two-step process" for the entry of judgment

against a party who fails to defend: first, the entry of a default, and second, the entry of a default

judgment.  New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).  "The first step, entry of a

default, formalizes a judicial recognition that a defendant has, through its failure to defend the

action, admitted liability to the plaintiff."  City of New York v. Mickalis Pawn Shop, LLC, 645

F.3d 114, 128 (2011).  "The second step, entry of a default judgment, converts the defendant's

admission of liability into a final judgment that terminates the litigation and awards the plaintiff

any relief to which the court decides it is entitled . . . ."  Id. at 129.

The disposition of motions for entries of default judgment is left to the sound

discretion of the district court.  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir.1993).  This

discretion is circumscribed "because there is a strong preference for resolving disputes on the

merits."  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2011) (internal

citations and quotations omitted).  Furthermore, the Court has an obligation "to make reasonable

allowances to protect *pro se* litigants from inadvertent forfeiture of important rights."  Traguth v.

Zuck, 710 F.2d, 90, 95 (2d Cir. 1983).  However, "the right [to self-representation] 'does not

exempt a party from compliance with relevant rules of procedural and substantive law.'"  Id.

(quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).  And "[d]efault procedures . . .

provide a useful remedy when a litigant is confronted by an obstructionist adversary.  Under such

circumstances those procedural rules play a constructive role in maintaining the orderly and

efficient administration of justice."  Enron, 10 F.3d at 96 (citing 10 Charles A. Wright et al.,

Federal Practice and Procedure § 2692, at 464 (2d ed. 1983).

When the defaulted defendant opposes default judgment, courts treat the

opposition as a motion to vacate entry of default and examine whether good cause exists to

vacate the entry.  See Meehan v. Snow, 652 F.2d 274, 276 (2d. Cir. 1981); Walprex Trading Co.

v. Yacimeinetos Petroliferos Fiscales Bolivianos, 109 F.R.D. 692, 694 (S.D.N.Y. 1986); see also

Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause.")  "Because

Rule 55(c) does not define the term 'good cause,' [the Second Circuit has] established three

criteria that must be assessed . . . . These widely accepted factors are: (1) whether the default was

willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a

meritorious defense is presented."  Enron, 10 F.3d at 96.

If examination of the factors establishes good cause, the entry of default should be

vacated and the motion for default judgment denied. E.g. Walprex, 109 F.R.D. at 698. If good

cause is not shown, the motion for default judgment may be granted. See e.g. New York v.

Green, 420 F.3d 99, 108 (2d Cir. 2005) (affirming district court's refusal to vacate default

judgment based on good cause factors); Kauhsen v. Aventura Motors, Inc., No. 09 Civ. 4114,

2010 WL 2301289, *4-6 (E.D.N.Y. June 7, 2010) (analyzing good cause factors to uphold

default judgment).

b.  Application

The Court will treat defendants' opposition to entry of default judgment as a

motion to vacate. Special solicitude is afforded the defendants because they are proceeding pro

se.  See, e.g., Traguth, 710 F.2d at 95.  Even so, in this case, the three factors do not favor the

defendants.

1. *Willful Default.* "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).  A businessman's failure to respond to a properly served summons and complaint is not satisfactorily explained by his status as a "layman."  See Tecnart Industria E Comercio LTDA v. Nova Fasteners Co., 107 F.R.D. 283, 285 (E.D.N.Y. 1985); see also Green, 420 F.3d at 108-09 (affirming finding of willful default where plaintiffs did not explain why their counsel failed to appear or why plaintiffs failed to respond to notice of default).

In their submissions to this Court, defendants do not deny that they are all members of Qderopateo LLC, or that the Qdero Entities obtained a short-term loan of $596,000 from plaintiff.  (See Am. Compl. ¶¶ 7-8, 12.)  Defendants do not deny that they all received proper service of individual summonses and copies of the Amended Complaint (see Docket ## 10, 14, 15), which alleged that the defendants were personally liable for nearly $600,000 in unpaid principal and interest on that loan (see Am. Compl. ¶¶ 3, 17, Wherefore Cl.). Two defendants, Gaines and Buffalino, were personally served in February.  (Docket ## 10, 14.)  The third, Francesco, was served on May 18.  (Docket # 15.)  However, none of the defendants filed any response until July 29, upon receiving notice that plaintiff had applied for entry of default judgment.  (See Francesco Ltr.)  Defendants' failure to file a response to a properly served pleading amounts to a willful default unless convincingly explained.  See Tecnart, 107 F.R.D. at 285; see also Green, 420 F.3d at 108-09.

Defendants' explanations for their failure to act are not convincing.  First, Francesco's letter of July 29 adverts to the confusion caused by plaintiff's quick filing of an amended complaint and the need for defendants to be served again.  (See Francesco Ltr.)

However, based on the docket entries in this case, only Francesco was served twice (Docket ## 11, 15); and, in any event, defendants have not explained how being served twice occasioned confusion or impaired their timely response to the Amended Complaint.  Second, defendants, in their joint affirmation of August 16, swear that plaintiff "did not have a proper service address for Albert Francesco and [that] the respondents have not received any case related correspondence by mail or otherwise."  (Affirmation in Opp'n ¶ 3).  But Francesco was served personally on May 18, 2011 at 9:51 a.m.; his height, weight, and hair color are described in the Affidavit of Service.  (Docket # 15.)  The summons recites that "[i]f you fail to respond, judgment by default will be entered against you," and that the answer or a motion must be served within twenty days after service.  (Statement of Damages Ex. 1, Francesco Summons.)  The assertion that none of the defendants received any further correspondence does not explain their failure to respond to the summonses and Amended Complaint.  Furthermore, the assertion of no correspondence is flatly contradicted by Schmidt's specific affirmations and supporting exhibits swearing to email exchanges with Francesco and Codispoti in February and March.  (See Reply Affirmation ¶¶ 11-22 and Ex's A-G).  Defendants have not adequately explained how they, even as non-lawyers, could sit in possession of summonses and a complaint against them and think no action was required.[1]  See Tecnart, 107 F.R.D. at 285; see also Green, 420 F.3d at 108-09. Therefore, defendants' defaults are willful.

---

[1] According to the Schmidt Affirmation and Exhibits, Francesco did email Schmidt a copy of "the response [defendants] intend to file with the Court," on March 22, 2010. (Reply Affirmation ¶ 14 and Ex. D.) Even if this email is treated as an answer to the original Complaint, it is unavailing for three reasons. First, it was already untimely because it was sent over 50 days after Francesco was served with the original Complaint. (See Affidavit of Service upon Albert Francesco, January 31, 2010); Rule 12(a)(1), Fed. R. Civ. P. (defendant must serve answer within 21 days of being served with complaint). Second, it was never filed with the court. See Rule 5(d)(1), Fed R. Civ. P. (must file within "reasonable time"). Third, however construed, the email does not excuse the subsequent failure of defendants to serve or file any response to the Amended Complaint.

2. *Prejudice.* Although "delay alone is not a sufficient basis for establishing prejudice," a showing that "delay may thwart plaintiff's recovery or remedy," is sufficient. Green, 420 F.3d at 110.  In this case, delay may thwart plaintiff's recovery.  Plaintiff alleges that defendants personally guaranteed the principal and interest on a loan of $596,000 that accrues interest at 20% per annum. (Am. Compl. ¶¶ 12-19 and Exs. A-B.)  By plaintiff's calculation, the unpaid balance continues to accrue interest at nearly $300 per day.  (Statement of Damages at 1.)  However, defendants are proceeding pro se due to "severe financial strain." (Francesco Ltr.)  In short, plaintiff alleges he is entitled to recover more every day from defendants who may be unable to satisfy the full damages already sought; therefore, delay, by increasing the recovery, increases the risk of its being thwarted.

3. *Meritorious Defenses.*  In offering a defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  State St. Bank & Trust. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 (2d Cir. 2004) (quoting McNulty, 137 F.3d at 740).  Notably, the absence of a meritorious defense is, on its own, "enough to support a district court's denial" of relief from default judgment.  Id. at 174 (analyzing Rule 60(b) motion using good cause factors).

Here, defendants present no evidence of any facts that would constitute a defense. As noted, defendants affirm that they "possess knowledge of crucial facts which affect the instant motion and opposition," but they do not mention any of these facts in the affirmation. (See Affirmation in Opp'n ¶ 2.)  In their proposed answer, they assert as the first affirmative defense that "[d]efendants did not sign personal guarantee." (Defenses ¶ 1.) Notably, they make no such assertion in their affirmation, which is submitted under penalty of perjury. In their unsworn proposed answer, they do not state whether they believe Exhibit B to the Amended

Complaint to be something other than a personal guarantee or whether they understand the

document to be a personal guarantee but contend the signatures on the page are forgeries. The

other eleven affirmative defenses are no more than legal labels or conclusions without supporting

facts.  (See Defenses ¶¶ 2-12.)  A defendant "must present more than conclusory denials," Green,

420 F.3d at 110 (quoting Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167,173 (2d Cir. 2001)).

Defendants' conclusory and unsupported defenses are inadequate to establish a meritorious

defense in the context of a "good cause" analysis.  See State Street, 374 F.3d at 166.

### DAMAGES

It is in the court's discretion whether to hold a hearing on damages. See Rule

55(b)(2), Fed. R. Civ. P. (court "may" hold hearing to determine damages); Fustok v.

Conticommodity Services, Inc., 873 F.2d 38, 40 (2d Cir.1989).  If the plaintiff's claim is "for a

sum certain or a sum that can be made certain by computation," then no hearing is necessary.

See Rule 55(b)(1), Fed. R. Civ. P. (allowing clerk to enter judgment of default under such

circumstances).  Even when the claim is not for a sum certain, a hearing is not necessary as long

there is "a basis for the damages specified in a default judgment."  Fustok, 873 F.2d at 40

(affirming district court award of damages and fees based on documentary evidence and

affidavits).  In determining damages, a plaintiff's well-pleaded factual allegations are taken as

true, while a plaintiff's allegations of damages are not.  Credit Lyonnais Sec. (USA), Inc. v.

Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  Whatever damages are awarded on default, they

"must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Rule

54(c), Fed. R. Civ. P.

In this case, no hearing is necessary before awarding plaintiff the full damages he

claims.  Plaintiff seeks principal owed, interest, attorneys' fees and costs. (Am. Compl.

Wherefore Cl.) Taking plaintiff's well-pleaded factual allegations as true, the principal and interest owed are made certain by computation.  Defendants guaranteed plaintiff's loan to the Qdero Entities of $596,000 dollars at 20% interest; plaintiff received one payment, of $100,000, seventy-nine days after execution, and nothing further.  (Am. Compl. ¶¶ 12-25 and Exs. A-B.) On these facts, the sole payment satisfied the interest earned over seventy-nine days, or $25,800, and paid down $74,200 of principal.  The outstanding principal is therefore $521,800.  This principal has accrued interest from the date of defendants' sole payment to the date of this judgment, or from September 23, 2010, to November 9, 2011, a total of 412 days.  The interest on the outstanding principal over this time is $117,798.14.  Therefore, by computation, defendant owes principal and interest of $639,598.14.

Plaintiff presents a reasonable basis for an award of attorneys' fees and costs. As noted, the personal guarantee recites that defendants jointly and severally guarantee "to pay all costs, interest, and reasonable attorney's fees incurred by [Saleh] in collecting any amounts [] guaranteed." (Am. Compl. Ex. B.)  To establish these costs and fees, plaintiff submits an extensive Statement of Damages, the accuracy of which is sworn to by plaintiff's home counsel, Brian Ziff.  (See Affirmation for J. by Default; Statement of Damages.)  The Statement of Damages describes all costs, totaling $605.50.  (Statement of Damages at 1-2.)  It further includes a detailed breakdown of all attorneys' fees, describing 100 hours of work in one-tenth hour increments among plaintiff's counsel, local counsel, and their staffs, totaling $29,371.85. (Statement of Damages Ex. 8, "Time and Charges of Counsel.")  These costs and fees total $29,977.35.

In all, the computed and ascertained damages total $669,575.49, including attorneys' fees, costs and interest.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default judgment is GRANTED.  The Clerk shall enter judgment against defendants Francesco, Buffalino and Gaines, jointly and severally, in the amount of $669,575.49, inclusive of attorneys' fees, costs and interest. Plaintiff's counsel is directed to provide to defendants copies of all unreported cases cited herein.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 9, 2011

11