UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAUL SALEH,

                         Plaintiff,                              11 Civ. 438 (PKC)

        -against-

                                                      MEMORANDUM
                                                  AND ORDER

ALBERT FRANCESCO,
CHRISTOPHER BUFFALINO and
ANDREW M. GAINES II,
                        Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        By Memorandum and Order filed November 9, 2010, this Court entered default

judgment against the defendants in this action.  Saleh v. Francesco, 2011 WL 5513375 (S.D.N.Y.

Nov 10, 2011).  Defendants now move for reconsideration, to vacate the judgment, to stay

execution of the judgment, to allow defendants to prosecute their counterclaim, and to set aside

the award of attorneys' fees.  For reasons explained, these motions are denied.

BACKGROUND

        Familiarity with the Court's earlier Memorandum and Order is assumed.  See

2011 WL 5513375.  Plaintiff alleged that he loaned roughly $600,000 to a trio of companies

referred to for convenience as the "Qdero Entities."  A contract memorializing that agreement

was signed by defendant Gaines, and its authenticity has not been challenged.  The contract

stated that certain executives of the Qdero Entities had agreed to execute personal guarantees on

the loan.

        Plaintiff alleged that the executives who guaranteed the loan were defendants

Francesco, Buffalino, and Gaines.  Plaintiff annexed to the amended complaint a document

memorializing the guarantees that bore the apparent signatures of each of the three defendants.

That document recited that the defendants agreed to pay the principal amount and "all costs,

interest, and reasonable attorney's fees incurred by [plaintiff] in collecting any amounts [th]ereby

guaranteed, whether from Company or Guarantor[s]." (Am. Compl. Ex. B.)  Plaintiff alleged,

and defendants have not disputed, that the Qdero Entities defaulted on the loan, that plaintiff

demanded that defendants meet their obligations under the guarantees, and that defendants have

not met those obligations.

Plaintiff filed suit against defendants in January 2011.  Defendants were properly

served with summonses and copies of the amended complaint.  Defendants filed neither an

answer nor a responsive motion, nor did they seek an enlargement of time to do either.  In due

course, the Clerk of the Court noted the defaults of the defendants.  Thereafter, on July 6, 2011,

plaintiff moved for entry of default judgment, serving the motion papers on defendants by mail

on July 21, 2011.  On July 29, 2011, defendant Francesco made defendants' first communication

to the Court, asking for an extension of time to answer the amended complaint.  On August 16,

2011, defendants filed an affirmation, signed by all defendants, opposing the motion.

Defendants attached to the affirmation a copy of their proposed answer.

The Court treated defendants' affirmation in opposition as a motion to vacate

entry of default.  The Court assessed whether "good cause" existed to vacate entry of default,

pursuant to Rule 55(c), Fed. R. Civ. P.  The Court addressed the three good cause factors, to wit,

the willfulness of the default, the prejudice to plaintiff if the default were vacated, and the

existence of any meritorious defenses to plaintiff's claim.  See Enron Oil Corp. v. Diakuhara, 10

F.3d 90, 96 (2d Cir. 1993) (discussing good cause factors).  The Court held that defendants'

default was willful, based largely on their inadequately explained failure to respond to the

2

amended complaint.  The Court further held that vacating the default would prejudice the

plaintiff because it would allow significant interest to accrue on the unpaid debt at time when, by

defendants' own admission, they were under severe financial strain.  Finally, the Court held that

the defendants offered no meritorious defenses.

       As regards meritorious defenses, the Court focused on defendants' assertion,

contained in their proposed answer, that they "did not sign personal guarantee."  (See Def.

Affirmation Supp. Mot. for Reconsideration, Ex. C., Answer, "Affirmative Defenses" ¶ 1.)  The

Court noted that this assertion was ambiguous because it did not explain whether defendants did

not believe the document they signed was a guarantee or whether, by contrast, they accepted that

it was a guarantee but denied signing it.  The Court also laid emphasis on the fact that this

assertion was made in an unsworn portion of defendants' papers.  In sum, the Court held, the

ambiguous, unsworn assertion was a conclusory denial of the sort that is inadequate to establish

good cause to vacate entry of default.  See New York v. Green, 420 F.3d 99, 109-10 (2d Cir.

2005) (defendant must present more than conclusory denials).  Because all three good cause

factors weighed against defendants, the Court denied their imputed motion to vacate and instead

entered default judgment against the defendants.

       On December 5, 2011, defendants filed the present motion and attached to it an

affirmation signed by all defendants.  (ECF No. 32.)  In the affirmation, defendants state under

penalty of perjury that "[n]one of the defendants ever personally guaranteed the note."  (Def.

Affirmation ¶ 7.)  They further state under penalty of perjury that "[t]he signatures contained on

the personal guarantee attached to the note submitted to the Court by the plaintiff are not the

signatures of any of the defendants."  (Id.)  To support these assertions, defendants ask the court

to compare their signatures on their new affirmation to the signatures on the guarantee.  (Id. ¶ 31.)

Defendants also assert that plaintiff breached a fiduciary duty he owed them because he informed a company that was considering acquiring one or all of the Qdero Entities that he would exchange his loan to the Qdero Entities for "equity in the new business."  (Id. ¶¶ 9-11.)

DISCUSSION

Defendants style the present motion as one "for an order pursuant to Federal Rules of Civil Procedure Sections 55, 60(b), 56, 58, 59, 59(e), granting Reconsideration of the Order dated 10th day of November; vacating the default judgment in this matter; staying execution pending hearing and determination of this motion; allowing Defendants to proceed in prosecuting their counterclaim; and in setting aside the granting of attorneys' fees as unwarranted and unreasonable."[1]  (Def. Mot. at 2.)  The Court addresses these requests as separate motions and regards them with the special solicitude afforded pro se plaintiffs, see Traguth v. Zuck, 719 F.2d 90, 95 (2d Cir. 1983).

> I.      Defendants' Motion to Vacate Default  Judgment is Denied.

Defendants move under Rule 60(b) to vacate the default judgment entered against them.[2]  When a party brings a motion to vacate default judgment under Rule 60(b), courts apply the same three "good cause" factors used to assess motions to vacate entry of default under Rule

---

[1] Rules 55, 59(e) and 60(b) are the only Rules relevant to the relief defendants seek.   Rule 56 concerns summary judgment; Rule 58 concerns entry of judgment; Rule 59, with the exception of section (e), concerns procedures for new trials.  See Rules 56, 58, 59(a)-(d), Fed R. Civ. P.

[2] Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void . . . ; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief."  Rule 60(b), Fed. R. Civ. P.

55(c): willfulness of default, prejudice to plaintiff, and existence of meritorious defenses.  See

State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir.

2004).  However, "[Rule 60(b)] may not be used as a substitute for timely appeal."  Cent. Vt.

Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (quoting Nemaizer v. Baker, 793

F.2d 58, 61 (2d Cir. 1986)).  Rule 60(b) is therefore not appropriately invoked to ask a court to

revisit an earlier ruling based on the same facts and law.  See Robinson v. Sanctuary Record

Grps., Ltd, 249 F.R.D. 144, 146 (S.D.N.Y. 2008).  Here, the Court already examined the three

good cause factors under Rule 55(c), found that each of them weighed against defendants, and

entered default judgment.  Therefore, to the extent that defendants' motion asks the Court to

reapply its Rule 55(c) analysis to the same facts under Rule 60(b), the motion fails.

        To the extent defendants' motion asks the Court to revisit its Rule 55(c) analysis

on the strength of defendants' new affirmation, it also fails.  Rule 60(b) does not allow litigants

to "get a second bite at the meritorious defense apple by submitting new evidence [defendants]

apparently possessed all along during the earlier proceedings when the district court . . . w[as]

specifically reviewing the legal arguments implicated by the new evidence."  State St., 374 F.3d

at 174 (2d Cir. 2004).  Defendants always possessed the power to declare under penalty of

perjury that they had not executed personal guarantees, and it should have been apparent at all

times that such evidence would be critical to their defense.  However, instead of answering an

amended complaint that they now contend was based on forgery, defendants made no

communication to the Court and, when faced with default judgment, supplied no evidence

supporting the forgery defense.  In fact, to the extent defendants ever previously contemplated a

forgery defense, they relegated this serious, specific, and likely dispositive allegation to one

ambiguous sentence, "Defendants did not sign personal guarantee," which they offered among

eleven other defenses in the middle of an answer they never filed.  Rule 60(b) "is [properly] invoked only upon a showing of exceptional circumstances," Herbert, 341 F.3d at 190 (quoting Nemaizer, 793 F.2d at 61), and these are not exceptional circumstances.  Therefore defendants' motion to vacate default judgment under Rule 60(b) is denied.

### II.   Defendants' Motion for Reconsideration is Denied.

Defendants also move under Rule 59(e) for reconsideration of the default judgment.[3]  It is not clear that a motion for reconsideration of a default judgment is proper under Rule 59(e) in light of the Rules' express direction that a court "may set aside a default judgment under Rule 60(b)," Rule 55(c), Fed. R. Civ. P.  Assuming that a Rule 59(e) motion is proper, the motion still fails.  "The standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same."  Thaler v. United States, 706 F.Supp. 2d 361, 374 (S.D.N.Y. 2010) (quotation and citation omitted).  Therefore, as under Local Rule 6.3, a motion for reconsideration will be granted "only if the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."  Mikol v. Barnhart, 554 F.Supp. 2d 498, 500 (S.D.N.Y. 2008) (quotation and citation omitted).  Because defendants do not point to law or facts that were put before the Court and not considered on the earlier motion, defendants do not meet this standard.  Therefore, defendants' motion for reconsideration is denied.

---

[3] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Rule 59(e), Fed. R. Civ. P.

III.    Defendants' Motion to Assert a Counterclaim is Denied.

Defendants move the Court to "allow[] Defendants to proceed in prosecuting their counterclaim." The existence of a counterclaim may be relevant as a factor in determining whether there are grounds to vacate a default judgment. State St., 374 F.3d at 167 (assuming without deciding that a counterclaim may be relevant to the meritorious defense prong of the Rule 60(b) analysis). If so, and assuming default judgments are properly reconsidered on a Rule 59(e) motion, a counterclaim that a court overlooked in the first meritorious-defense analysis might also be relevant to a Rule 59(e) inquiry. See Barnhart, 554 F.Supp. 2d at 500 (matters previously put before court but not considered by court can support reconsideration).

However, defendants' motion fails under either Rule for the same two reasons. First, the counterclaim should have been presented in the earlier proceedings. See id. (material offered on Rule 59(e) motion must have been previously presented); State St., 374 F.3d at 177 (Rule 60(b) does not afford "second bites at the meritorious defense apple"). Although defendants' proposed answer did assert a counterclaim (see Def. Affirmation Ex. C., Answer, Countercl. ¶¶ 1-5), it did not sound in breach of fiduciary duty, which is the basis of the counterclaim defendants now assert (see Def. Affirmation ¶¶ 9-11). Therefore, the counterclaim, even if meritorious, is not properly considered on these motions. Second, a counterclaim for breach of fiduciary duty is meritless. Defendants claim that plaintiff breached a fiduciary duty to Qderopateo, one of the Qdero Entities, by informing a prospective purchaser of Qderopateo that plaintiff would convert his loan into an equity stake in new business. (Id.) Defendants cite no law, from any jurisdiction, for the proposition that a creditor owes a fiduciary duty to his debtor under the circumstances in this case. Cf. SNS Bank, N.V. v. Citibank, N.A., 777 N.Y.S.2d 62, 64 (1st Dep't 2004) (no fiduciary obligation arises from purely contractual relationship between

7

debtor and note-holding creditor).  Accordingly, there is no basis for the counterclaim, regardless of whether it was previously asserted. Defendants' motion is denied.

> IV.    Defendants' Motion for a Stay is Denied.

Defendants move for a stay of execution of the default judgment pending resolution of their other motions.  Because this Memorandum and Order disposes of defendants' other motions, the issue of a stay is moot and the motion is denied.

> V.    Defendants' Motion for a Set-aside of Attorneys' Fees is Denied.

Defendants move for an order "setting aside the granting of attorney's fees as unwarranted and unreasonable." Motions for reconsideration of attorney awards are subject to the same strict standards governing other motions for reconsideration under Rule 59(e). See, e.g., Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth., No. 76 Civ. 2125, 2005 WL 2175998, *1 (S.D.N.Y. Sept. 9, 2005). Accordingly, the award will not be reconsidered unless the movant points to controlling law or factual matters put before the court on the underlying motion that, if considered, might reasonably have altered the court's decision. Id.; Barnhart, 554 F.Supp. 2d at 500. Defendants point to no such law or facts. Therefore, the motion is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion (ECF No. 32) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
    March 29, 2012